# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAULA ELLSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 3499 |
| v. | ) |
| | ) Wayne R. Andersen |
| URS CONSTRUCTION SERVICES, | ) District Judge |
| RODRIGUEZ & ASSOCIATES, and | ) |
| SHARIF ABOU-SABH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the court on Rodriguez & Associates' motion for summary judgment [71]. For the following reasons, the motion is granted.

## BACKGROUND

Defendant Rodriguez & Associates is a small minority-owned business that provides staffing and consulting services on architectural and construction projects. Osvaldo Rodriguez is the sole owner, president and officer of Rodriguez & Associates ("Rodriguez"). On May 19, 2004, plaintiff Paula Ellsworth filed a six-count complaint against defendants URS Construction Services ("URS") and Rodriguez and later filed an eight-count amended complaint on July 2, 2004 and added Sharif Abou-Sabh as a defendant. Counts I, II, IV, V and VI allege claims of discrimination and retaliation on the basis of gender, race and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. The sole issue before this court is whether Rodriguez qualifies as "an employer" for purposes of liability under Title VII, and with this motion, Rodriguez's seeks summary judgment as to Counts I, II, IV, V and VI only.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, summary judgment may only be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An adverse party may not rest upon the mere allegations or denials of the opposing party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e). A party must present "more than a scintilla of evidence" to defeat summary judgment. *Senner v. Northcentral Technical College*, 113 F.3d 750, 757 (7th Cir. 1997). Indeed, "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983). Conclusory allegations will not defeat a motion for summary judgment. *See Thomas v. Christ Hosp. and Medical Center*, 328 F.3d 890, 893-94 (7th Cir. 2003).

### I. Rodriguez Is Not An "Employer" Under Title VII

Rodriguez argues it is entitled to summary judgment because it is a small business not covered as "employer" under Title VII. The Seventh Circuit has recognized that Title VII "is not available to employees who work in relatively small businesses." *Walker v. Abbott Laboratories*, 340 F.3d 471, 474 (7th Cir. 2003). Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year." 42 U.S.C. § 2000e(b). The "current and preceding calendar year" refers to the year in which the alleged acts of discrimination occurred as well as the preceding calendar year. *See Walters v.*

2

*Metro Educ. Enterprises, Inc.*, 519 U.S. 202, 205 (1997); *see also Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 964-65 (7th Cir. 1998) (noting that the calendar year includes January 1 through December 31).

Rodriguez asserts that it did not employ fifteen or more employees for twenty or more calendar weeks from October 15, 2001, the start date of Ellsworth's employment, to August 15, 2003, the effective date of Ellsworth's discharge. To determine the number of employees an employer has in each week of a given calendar year, the United States Supreme Court has endorsed the payroll method as set forth in *Walters v. Metro Educ. Enterprises, Inc.*, 519 U.S. 202 (1997). To establish that an employer qualifies as a Title VII employer under this method, a plaintiff must introduce evidence of the employer's "payroll records to prove that fifteen or more employees appeared on the employer's payroll for twenty or more calendar weeks in either the year of the alleged violation or the preceding year." *Mizwicki v. Helwig, D.C., P.C.*, 196 F.3d 828, 831-32 (7th Cir. 1999).

In her complaint, Ellsworth alleges that she was discriminated against in 2002 and 2003. Thus, the relevant time frame for determining Rodriguez's status as "employer" is the calendar years of 2001 and 2002 for discriminatory acts alleged in 2002 and the calendar years of 2002 and 2003 for discriminatory acts alleged in 2003. In support of its motion for summary judgment, Rodriguez has submitted an affidavit from its principal officer, Osvaldo Rodriguez, in which he attests that Rodriguez & Associates did not employ fifteen or more employees during any week in the 2001 and 2002 calendar years and employed fifteen or more employees for only six weeks in the 2003 calendar year .

Rodriguez also has submitted the corresponding payroll journals. The payroll records identify the number of individuals employed by Rodriguez during each week from January 1, 2001 through December 31, 2003. The payroll journal records show that Rodriguez did not employ more than fifteen employees for twenty or more weeks in any of the calendar years at issue – 2001, 2002 or 2003. The record shows that for the calendar years 2001 and 2002, Rodriguez did not employ fifteen or more employees during any week. For the calendar year 2003, Rodriguez employed fifteen or more employees for only six weeks.

Ellsworth attempts to dispute the payroll journal records by relying on a document which lists the year-end bonuses for Rodriguez's employees in 2003. However, this document does not create any disputed fact because it reflects all of Rodriguez's employees throughout 2003, including those who were hired mid-year and those who left at various points throughout 2003. The document identifying the 2003 year end bonuses does not rebut the evidence in the payroll records. Based on the undisputed payroll journal records, it is clear that Rodriguez did not employ fifteen or more employees for twenty or more weeks during 2001, 2002 or 2003. Without more, Ellsworth cannot assert Title VII claims against Rodriguez as it is not covered as an "employer" under Title VII.

## II. Rodriguez Is Not Covered As A Title VII Employer As A Staffing Agency Or Under Either The Joint Employer Or Single Employer Tests

Ellsworth challenges Rodriguez's status as an employer, which based on its payroll journal records would not be covered as an "employer" under Title VII, by arguing that Rodriguez functioned as a staffing organization on the CTA Project or, alternatively, that Rodriguez and URS were joint employers. In essence, Ellsworth argues that for the purpose of

determining the number of employees Rodriguez employed during the relevant time period, this court should count the employees of URS among the employees of Rodriguez because Rodriguez either was a staffing organization for URS or a joint employer with URS.

### A. Rodriguez Is Not a Staffing Organization

Ellsworth asserts that Rodriguez is nothing more than a staffing firm for URS because URS exercised substantial control over Rodriguez's employment decisions on the CTA Project. However, the undisputed facts shows that Rodriguez not only provided staffing and consulting services on the CTA Project but also employed other individuals who worked on projects other than the CTA Project. There is no evidence in the record before this court to support the argument that Rodriguez was a shadow staffing entity for URS.

Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted. *See Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983). Conclusory allegations will not defeat a motion for summary judgment. *See Thomas v. Christ Hosp. and Medical Center*, 328 F.3d 890, 893- 94 (7th Cir. 2003). Ellsworth does not cite to anything specific in the record to support her argument that the relationship between URS and Rodriguez was something other than contractor and sub-contractor.

Even if Rodriguez functioned solely as a staffing firm for URS relative to the CTA Project, it is inconsequential in terms of the number of individuals Rodriguez employed for the calendar years in question. As discussed above, the payroll journal records submitted by Rodriguez, and not disputed, show that Rodriguez did not employee fifteen or more employees

5

during twenty or more weeks during 2001, 2002 or 2003. As such, Rodriguez is not an "employer" under Title VII.

### B. Rodriguez Is Not a Joint Employer or a Single Employer with URS

Ellsworth, alternatively, argues that Rodriguez and URS were joint employers, and therefore, the employees working for URS should be counted with Rodriguez's employees to subject Rodriguez to liability under Title VII. In her response, Ellsworth conflates the joint employer test and the single employer/integrated enterprise test to assert that Rodriguez and URS were joint employers. Ellsworth asserts in one instance that Rodriguez had an intertwined relationship with URS such that they were "in effect joint employers." On the other hand, she also asserts that the alleged "merged employment relationship" demonstrates that Rodriguez and URS "constituted a single employer."

> Courts have corrected this mistake in other cases noting that:
>
> [S]ingle employer status exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a single employer . . . .
>
> The joint employer concept, by contract, is not based on the integration of two companies but instead looks to the control two separate companies exert over the same employee.

*National Labor Relations Board v. Western Temp. Services, Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987). Neither theory is applicable to this case to justify counting the employees of URS among the employees of Rodriguez for the purpose of determining if Rodriguez is covered as an employer under Title VII. Courts explicitly have rejected counting the employees of one entity as employees of a distinct entity under the joint employer test. *See Robinson v. Sabis Education*

6

*Systems, Inc.*, 1999 WL 414262 (N.D. Ill. June 4, 1999)(holding that when "a plaintiff has alleged that two entities (including one that clearly meets the statutory definition of employer) were her joint employers, the plaintiff still must show that *each* entity separately meets the statutory definition of "employer"")(emphasis added in original).

Ellsworth also has not presented any evidence of a parent-subsidiary relationship between URS and Rodriguez to justify the application of the single employer rule as set forth by the Seventh Circuit in *Papa v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir. 1999). In *Papa*, the Seventh Circuit identified three situation when affiliated corporations should be considered a single employer: (1) when the traditional conditions are present for piecing the corporate veil; (2) when an enterprise splits itself up into a number of corporations, each with fewer than the statutory minimum number of employees, for the express purpose of avoiding liability under the discrimination laws; or (3) when a parent corporation might have directed the discriminatory act of which the employee of the subsidiary is complaining. 166 F.3d at 940-41. Ellsworth has offered no evidence or argument that any one of these situations apply in this case.

Based on the record before this court, there is no indication that piercing the corporate veil would achieve anything as Rodriguez and URS are separate and distinct entities. There is no evidence that URS and Rodriguez were created out of the split of a single enterprise. Finally, there is no evidence of a parent-subsidiary relationship between Rodriguez and URS. In summary, there is absolutely no evidence that URS and Rodriguez are joint employers or a single employer. The undisputed facts in this case demonstrate that Rodriguez is a small business not covered by Title VII. Accordingly, Rodriguez is entitled to summary judgment on Counts I, II, IV, V and VI.

## CONCLUSION

Rodriguez's motion for summary judgment [71] is granted as to Counts I, II, IV, V and VI.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 22, 2006